I think that the motion to dismiss the bill should not be granted, but that the case should go on for final hearing on *Page 4 
pleadings and proofs. If what the complainant alleges in the substituted bill of complaint can be sustained and established by its proofs, there seems to be ground for equitable relief, and the rights of the parties can only be specifically determined upon the hearing of all the proofs appertaining to the situation.
Regardless of what the outcome may be after the proofs are all in, it seems to me that the bill itself should stand, and that the parties should join issue and go to final hearing before the merits of the controversy are disposed of. In fact, in all motions to dismiss a bill, I think it would be the best judicial policy to at least reserve the determination of the motion to dismiss until the parties have brought in the facts on final hearing and all the proofs are before the court.
In this case the defendants, a long time ago, apparently granted to the complainant a right to use a certain flowage of water, and later on sold that right to other persons in such a way that complainant claims it has resulted in an interference with the flowage of water to the complainant. The suit is, to enjoin the defendants from thus diverting the flowage which belongs to the complainant.
Defendants claim that even if there is an interference it is a matter which is compensatable by damages at law on the breach of the contract.
The complainant, on the other hand, wants the flowage of water for its business purposes, and it would be very difficult, if not impossible, to measure the damages which it would sustain through the loss of that water power, involving, as it would, the installation of new devices, c., or the entire loss of its business.
It seems to me that before dismissing the complaint the court should hear exhaustively all the facts appertaining to the situation, in order to determine whether the complainant is or is not entitled to the injunctive relief it seeks.
The whole trend of the law seems to be to discourage the deciding of these controversies, either at law or in equity on mere pleadings. The courts want to hear all the facts appertaining to these controversies in order to get at the real *Page 5 
truth of the situation involved. This is particularly true in courts of equity.
I think the motion to dismiss the complaint should be denied.